United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re. | No. C 08-279 SI (pr) |
| | No. C 08-751 SI (pr) |
| VINCENT ROSENBALM, | No. C 08-952 SI (pr) |
| | No. C 08-1360 SI (pr) |
| Plaintiff. | No. C 08-1474 SI (pr) |
| / | No. C 08-1503 SI (pr) |
| | No. C 08-1504 SI (pr) |
| | No. C 08-1603 SI (pr) |

**ORDER OF DISMISSAL**

On April 4, 2008, the court ordered plaintiff, Vincent Rosenbalm, to show cause why these actions should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action <u>in forma pauperis</u> under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The order identified four prior dismissals that appeared to count under § 1915(g) and ordered Rosenbalm to show cause why pauper status should not be denied and the referenced actions dismissed. The order further stated that Rosenbalm also could avoid dismissal by paying the filing fee by the deadline for each of the referenced cases.

Rosenbalm did not pay the filing fees, did not show that any of the prior dismissals could not be counted under § 1915(g), and did not otherwise show cause why these cases could not be dismissed. He filed several documents that claimed, among other things, that he was in

1  imminent danger, but the assertions plainly demonstrate that he was not under imminent danger
2  at the time of filing of the complaints in these actions. Events that occurred months and years
3  before the complaints were filed – such as Rosenbalm's statements about events in May 2007,
4  September 2007 and in 1998 – do not suffice to show a plausible claim that he was in imminent
5  danger of serious physical injury when he filed the complaints. See Andrews v. Cervantes, 493
6  F.3d 1047, 1053 (9th Cir. 2007).

7  Rosenbalm has not shown that any of the prior dismissals cannot properly be counted as dismissals under § 1915(g) and has not shown that the referenced actions should not be dismissed. The court finds that the four prior dismissals identified in the order to show cause count as dismissals for purposes of § 1915(g).

11 Accordingly, Rosenbalm's in forma pauperis application is DENIED in each of these actions and each of these actions is dismissed pursuant to 28 U.S.C. § 1915(g). The dismissal of each of these actions is without prejudice to Rosenbalm asserting his claims in an action for which he pays the full filing fee at the time he files his complaint. In light of the dismissals, all other pending motions are DISMISSED as moot. The clerk shall close the file for each of the referenced actions.

17 IT IS SO ORDERED.

18 Dated: May 8, 2008

_____
SUSAN ILLSTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VINCENT ROSENBALM,

       Plaintiff,

v.

JUGE CINDEE MAYFIELD et al,

       Defendant.
       _____/

Case Number: CV08-00279 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 9, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vincent Lee Rosenbalm #83912
Napa State Hospital
2100 Napa Vallejo Highway
Napa, CA 94558

Dated: May 9, 2008

                                          Richard W. Wieking, Clerk
                                          By: Tracy Sutton, Deputy Clerk